B1 (Official Form 1)(12/11)

# United States Bankruptcy Court
## Northern District of Illinois

**Voluntary Petition**

| Name of Debtor (if individual, enter Last, First, Middle): <br> Chavez, Lorraine Pedersen | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years (include married, maiden, and trade names): <br> AKA Lorraine A Mora | All Other Names used by the Joint Debtor in the last 8 years (include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN (if more than one, state all) <br> xxx-xx-4032 | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN (if more than one, state all) |
| Street Address of Debtor (No. and Street, City, and State): <br> 3241 S. Leavitt <br> Chicago, IL <br> ZIP Code: 60608 | Street Address of Joint Debtor (No. and Street, City, and State): <br> ZIP Code |
| County of Residence or of the Principal Place of Business: <br> Cook | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address): <br> ZIP Code | Mailing Address of Joint Debtor (if different from street address): <br> ZIP Code |
| Location of Principal Assets of Business Debtor (if different from street address above): | |

**Type of Debtor** (Form of Organization) (Check one box)
- ■ Individual (includes Joint Debtors) *See Exhibit D on page 2 of this form.*
- ☐ Corporation (includes LLC and LLP)
- ☐ Partnership
- ☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.)

**Nature of Business** (Check one box)
- ☐ Health Care Business
- ☐ Single Asset Real Estate as defined in 11 U.S.C. § 101 (51B)
- ☐ Railroad
- ☐ Stockbroker
- ☐ Commodity Broker
- ☐ Clearing Bank
- ☐ Other

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box)
- ☐ Chapter 7
- ☐ Chapter 9
- ☐ Chapter 11
- ☐ Chapter 12
- ■ Chapter 13
- ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Chapter 15 Debtors**
Country of debtor's center of main interests:

Each country in which a foreign proceeding by, regarding, or against debtor is pending:

**Tax-Exempt Entity** (Check box, if applicable)
- ☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

**Nature of Debts** (Check one box)
- ■ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
- ☐ Debts are primarily business debts.

**Filing Fee** (Check one box)
- ☐ Full Filing Fee attached
- ■ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- ☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**
Check one box:
- ☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
- ☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:
- ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,343,300 *(amount subject to adjustment on 4/01/13 and every three years thereafter).*

Check all applicable boxes:
- ☐ A plan is being filed with this petition.
- ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Statistical/Administrative Information**
- ■ Debtor estimates that funds will be available for distribution to unsecured creditors.
- ☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

**Estimated Number of Creditors**

| ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | OVER 100,000 |

**Estimated Assets**

| ☐ | ☐ | ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

**Estimated Liabilities**

| ☐ | ☐ | ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

| **Voluntary Petition** | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | Chavez, Lorraine Pedersen |

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet) |||
|---|---|---|
| Location Where Filed:  - None - | Case Number: | Date Filed: |
| Location Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet) |||
|---|---|---|
| Name of Debtor: - None - | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| **Exhibit A** | **Exhibit B** |
|---|---|
| | (To be completed if debtor is an individual whose debts are primarily consumer debts.) |
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) | I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. §342(b). |
| ☐ Exhibit A is attached and made a part of this petition. | **X**  /s/ David S. Yen                                October 19, 2012 <br> Signature of Attorney for Debtor(s)          (Date) <br>       David S. Yen |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

■ No.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

■ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box)

■ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

B1 (Official Form 1)(12/11) — Page 3

# Voluntary Petition

*(This page must be completed and filed in every case)*

Name of Debtor(s):
Chavez, Lorraine Pedersen

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7. [If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. §342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

**X** /s/ Lorraine Pedersen Chavez
Signature of Debtor  Lorraine Pedersen Chavez

**X** _____
Signature of Joint Debtor

_____
Telephone Number (If not represented by attorney)

October 19, 2012
Date

### Signature of Attorney*

**X** /s/ David S. Yen
Signature of Attorney for Debtor(s)

David S. Yen ARDC No. 6194700
Printed Name of Attorney for Debtor(s)

LAF
Firm Name

120 S. LaSalle Street
Suite 900
Chicago, IL 60603
Address

312-341-1070  Fax: 312-341-1041
Telephone Number

October 19, 2012
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

**X** _____
Signature of Authorized Individual

_____
Printed Name of Authorized Individual

_____
Title of Authorized Individual

_____
Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11. United States Code. Certified copies of the documents required by 11 U.S.C. §1515 are attached.

☐ Pursuant to 11 U.S.C. §1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

**X** _____
Signature of Foreign Representative

_____
Printed Name of Foreign Representative

_____
Date

### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankrutpcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. § 110.)

_____
Address

**X** _____

_____
Date

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. §110; 18 U.S.C. §156.*

B 1D (Official Form 1, Exhibit D) (12/09)

# United States Bankruptcy Court
## Northern District of Illinois

In re   Lorraine Pedersen Chavez                                              Case No.
                                    Debtor(s)                                 Chapter    13

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

■ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.*

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Summarize exigent circumstances here.]* ____

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

☐ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*

B 1D (Official Form 1, Exhibit D) (12/09) - Cont. Page 2

☐ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

☐ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

☐ Active military duty in a military combat zone.

☐ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor: /s/ Lorraine Pedersen Chavez
Lorraine Pedersen Chavez

Date: October 19, 2012

# United States Bankruptcy Court
## Northern District of Illinois

In re    Lorraine Pedersen Chavez                                          Case No.
                              Debtor(s)                                     Chapter    13

# DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1. Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

    For legal services, I have agreed to accept                             $          0.00
    Prior to the filing of this statement I have received                   $          0.00
    Balance Due                                                             $          0.00

2. $ 0.00 of the filing fee has been paid.

3. The source of the compensation paid to me was:

    ☐ Debtor       ■ Other (specify):    Attorney's normal salary from LAFMC

4. The source of compensation to be paid to me is:

    ☐ Debtor       ■ Other (specify):    Attorney's normal salary from LAFMC

5. ■ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

    ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

6. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

    a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
    b. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
    c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
    d. Representation of the debtor in adversary proceedings and other contested bankruptcy matters;
    e. [Other provisions as needed]

7. By agreement with the debtor(s), the above-disclosed fee does not include the following service:
    Adversary proceedings seeking (1) undue hardship discharge of student loans under 11 U.S.C. § 523(a)(8), or (2) eviction of any tenants of debtor.. If requested, LAFMC may represent debtor in non-bankruptcy matters according to LAFMC priority guidelines; however, this will require a separate decision.

**CERTIFICATION**

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

Dated:    October 19, 2012                    /s/ David S. Yen
                                              David S. Yen
                                              LAF
                                              120 S. LaSalle Street
                                              Suite 900
                                              Chicago, IL 60603
                                              312-341-1070  Fax: 312-341-1041

# RETAINER AGREEMENT

I, *LORRAINE PEDERSEN CHAVEZ* request and authorize the staff of the Legal Assistance Foundation of Metropolitan Chicago (LAF) to represent me as my lawyers regarding: *preventing foreclosure and sale of my home, through Chapter 13 bankruptcy or in other litigation*

I understand that:

- **LAF has not agreed to represent me until an LAF employee signs this retainer below.**
- LAF will consider, among other things, the nature of my problem, the facts of my case, and LAF's ability to represent me.
- if my case is accepted, it is only for the representation described above or as limited by any matters set out in the "Special Circumstances" section below.
- if further representation is necessary, such as an appeal, the decision whether LAF will represent me will be made when it becomes necessary (see other side for details).
- if I fail to keep any of the following agreements, LAF may withdraw from representing me (see other side for details).
- LAF may assign this case to be worked on by a paralegal or law clerk working under the supervision of an attorney.

I agree:
- to cooperate fully with LAF
- to tell the truth about my case
- to help LAF get all the facts about my case
- to give LAF accurate information about my income and assets
- to tell LAF promptly of any change in my address or phone number
- to keep all court dates and all appointments with LAF

LAF agrees:
- to keep information about your case confidential, consistent with the ethical rules for lawyers
- to keep you informed about important developments in your case, and to respond to your reasonable requests for information about your case
- to consult with you before any significant decision or settlement in your case
- that you will not have to pay any lawyers' fees to LAF for the representation described above

Do not sign this agreement until you have read it or had it explained to you and you understand it.

*Lorraine Pedersen Chavez*
Client

Date: *Oct. 19, 2012*

LAF agrees to represent on the terms set forth in this retainer agreement.

_____
Attorney or Paralegal - for LAF

_____
Supervising Attorney (where paralegal signs above)

Date: *10/19/12*

SPECIAL CIRCUMSTANCES: _____

**The other side of this agreement sets forth your rights and responsibilities in greater detail.**

### Disclosure of information to others

I authorize LAF to disclose information concerning me or my legal problem to appropriate persons, but only to the extent necessary to properly represent me or to enable LAF to comply with state or federal law.

I understand that if a law suit is filed on my behalf in court, in most instances, federal law requires LAF to disclose: 1) my name and address; 2) the name and address of the opposing party; 3) a brief description of claims in the case; 4) the name and address of the court in which the case is filed and the case number. This information may become available to the general public.

### Attorneys' Fees

LAF will not charge me for its work

In some cases, LAF may be able to claim attorneys' fees from the opposing party. I authorize LAF to seek, collect and keep attorneys' fees whenever it is permitted by law to do so, whether by obtaining a court order awarding fees, or through a settlement agreement with the opposing party.

### Court-Related Costs

In the course of representing me, LAF may have to pay court costs on my behalf. These may include official fees for filing, recording documents, obtaining subpoenas for witnesses, and service of papers, as well as out-of-pocket costs for printing, copying, court reporters, transcripts, expert witnesses, and other such expenses. I understand and agree that I may have to repay such costs. LAF will try to get these costs waived whenever possible, and will do its best to inform me of the costs before they are incurred.

LAF may seek to recover such costs from the opposing party at the end of the case. If the court orders the other side to pay costs incurred by LAF, then I agree that the costs should be paid directly to LAF and not to me. If I am awarded a money judgment that does not specifically provide for the payment of costs, then I agree to repay LAF the costs it incurred, out of the money I receive. If I do not recover any money in my case, I am still responsible to reimburse LAF for the costs it incurred on my behalf, unless I cannot afford to do so.

### Settlement

LAF will not settle any part of my case without my approval. LAF will inform me of any offers from the opposing party to settle the case. I agree not to settle my case without telling LAF first and providing LAF with the opportunity to discuss the proposed settlement with me.

Some opposing parties may offer a settlement that requires LAF to give up its right to attorneys' fees and costs. LAF depends on attorneys' fee awards to help continue its work. Settlements that require LAF to give up its right to fees and costs make it more difficult for LAF to provide legal services to other clients in need of help. In addition, holding opposing parties responsible for attorneys' fees and costs is a powerful way to prevent future unlawful conduct. For these reasons, LAF encourages clients to think carefully before accepting such an offer.

### Complaint procedures

**Anyone who has a complaint about the way service was provided (or not provided), is entitled to have that complaint reviewed in accordance with the following rules:**

**When a complaint is made, a supervisory attorney will review it and try to solve the problem. If the problem is not resolved to the satisfaction of the person complaining, the Supervisory Attorney will notify the person that he or she may have that complaint reviewed by the Executive Director, or his or her designee.**

**In the event that the Executive Director is unable to resolve a complaint, the Executive Director will notify the person that he or she may have the complaint reviewed by a committee or sub-committee of the Board of Directors of LAF.**

**All complaints will be reviewed within a reasonable period of time after they are made, but no longer than 60 days.**

### Ending this agreement

This is an agreement for a case, task or matter. When the case is over or the task is completed or the matter is resolved, this agreement ends. If I have a different legal problem or if an appeal is necessary, a new application for services is needed.

### How I may end the agreement

I may end this agreement at any time by telling LAF, in writing, that I do not want its services any longer. Sometimes a court may require me to get its approval to end the agreement. If I end the agreement, LAF does not have to get another lawyer to represent me.

### How LAF may end the agreement

LAF may end this agreement before my legal problem is completed for any one or more of the following reasons:

- LAF cannot locate me.
- I do not contact LAF when asked to do so, or I do not cooperate with my LAF attorney(s).
- I am no longer financially eligible under LAF's guidelines.
- I do not obey a court order which LAF advises me to obey.
- LAF determines that it would be ethically wrong to continue to represent me.
- Further work on the case would be only for the purpose of harassing or harming another person.
- If there are other reasons why LAF cannot continue to represent me, LAF will tell me what those reasons are.

After LAF starts to represent me in a case before a court or agency, it can withdraw from the case, but LAF must tell me before it attempts to do so. The notice must be in writing and mailed to me at my last known address.

# Attorneys' Fees Addendum

1. I understand that in my case, LAF may be able to get attorneys' fees and costs from the opposing party if I win my case or settle it favorably. I also understand that being able to collect fees and costs from opposing parties allows LAF to represent more people like me who cannot afford a lawyer. I agree to cooperate with LAF's efforts to get reasonable fees for its work on my case.

2. A reasonable amount of attorneys' fees and costs (or just "fees and costs") means the number of hours each LAF lawyer, paralegal, or law clerk worked on the case, multiplied by LAF's hourly rate for that employee, plus any money LAF paid for litigation-related expenses that the court would require the opposing party to pay, such as deposition transcripts or witness fees. LAF lawyers' hourly rate depends on their experience. My LAF lawyer will tell me his or her individual rate at any point if I request it.

3. I understand that in this case the amount of fees and costs may be more than the amount I am awarded, even if I receive the maximum to which I am entitled. For example, I may be suing for $5,000 in damages. If the other side fights hard, it may take many attorney hours to get me that $5,000, resulting in a fees and costs claim of more than $5,000.

4. I understand that my case may be settled "out of court" or before trial. I also understand that if my case settles, LAF will try to get the opposing party to pay LAF's fees and costs as part of the settlement. LAF will always promptly inform me of any settlement offers. I have the final say in whether to accept any settlement of my case.

5. I understand that the opposing party may offer a "lump sum" of money to settle this case, which includes both the amount I will get and the fees and costs LAF will get. I understand that this could pit my wish for a higher award against LAF's claim to be fairly compensated for its work. I direct LAF to try to reach a settlement agreement for the amount to be paid to me before negotiating LAF's fees and costs. However, I understand that the opposing party may refuse to negotiate these amounts separately, and offer a "lump sum" instead.

6. If a "lump sum" settlement offer does not specify the amount of fees and costs, LAF will tell me how much will go to me and how much will go to LAF for its fees and costs before I decide whether to accept the offer. From a lump sum, LAF will receive, at the most, the reasonable amount of fees and costs a court would appropriately allow. LAF also has the right to take a lesser fee in the amount of 30% of the lump sum, after costs are reimbursed to LAF, if it chooses to do so. I have the right to ask a non-LAF lawyer for advice on whether to accept a settlement offer, and agree to let LAF know if I need time to do that.

7. I understand that the opposing party might offer to settle on the condition that it will not pay *any* fees and costs to LAF. I agree to tell LAF about any settlement offer made directly to me and to refer all such offers to LAF.

8. I authorize LAF to take action in my name for its fees and costs. I understand that any fees and costs will be paid directly to LAF and not to me. This agreement shall be considered an assignment of fees.

9. I understand that even if I fire LAF, LAF will still be entitled to receive fees and costs for the work it did on my case. Under no circumstances, however, will I personally have to pay any fees or costs from money I already have.

*Lorraine Pollesen Chavez*      *[signature]*     Oct 19, 2012
Client Signature     LAF Representative's Signature     Date

Last revised: June 26, 2012

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS

## NOTICE TO CONSUMER DEBTOR(S) UNDER § 342(b)
## OF THE BANKRUPTCY CODE

In accordance with § 342(b) of the Bankruptcy Code, this notice to individuals with primarily consumer debts: (1) Describes briefly the services available from credit counseling services; (2) Describes briefly the purposes, benefits and costs of the four types of bankruptcy proceedings you may commence; and (3) Informs you about bankruptcy crimes and notifies you that the Attorney General may examine all information you supply in connection with a bankruptcy case.

You are cautioned that bankruptcy law is complicated and not easily described. Thus, you may wish to seek the advice of an attorney to learn of your rights and responsibilities should you decide to file a petition. Court employees cannot give you legal advice.

Notices from the bankruptcy court are sent to the mailing address you list on your bankruptcy petition. In order to ensure that you receive information about events concerning your case, Bankruptcy Rule 4002 requires that you notify the court of any changes in your address. If you are filing a **joint case** (a single bankruptcy case for two individuals married to each other), and each spouse lists the same mailing address on the bankruptcy petition, you and your spouse will generally receive a single copy of each notice mailed from the bankruptcy court in a jointly-addressed envelope, unless you file a statement with the court requesting that each spouse receive a separate copy of all notices.

### 1. Services Available from Credit Counseling Agencies

**With limited exceptions, § 109(h) of the Bankruptcy Code requires that all individual debtors who file for bankruptcy relief on or after October 17, 2005, receive a briefing that outlines the available opportunities for credit counseling and provides assistance in performing a budget analysis.** The briefing must be given within 180 days **before** the bankruptcy filing. The briefing may be provided individually or in a group (including briefings conducted by telephone or on the Internet) and must be provided by a nonprofit budget and credit counseling agency approved by the United States trustee or bankruptcy administrator. The clerk of the bankruptcy court has a list that you may consult of the approved budget and credit counseling agencies. Each debtor in a joint case must complete the briefing.

**In addition, after filing a bankruptcy case, an individual debtor generally must complete a financial management instructional course before he or she can receive a discharge.** The clerk also has a list of approved financial management instructional courses. Each debtor in a joint case must complete the course.

### 2. The Four Chapters of the Bankruptcy Code Available to Individual Consumer Debtors

#### Chapter 7: Liquidation ($245 filing fee, $46 administrative fee, $15 trustee surcharge: Total Fee $306)

Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts. Debtors whose debts are primarily consumer debts are subject to a "means test" designed to determine whether the case should be permitted to proceed under chapter 7. If your income is greater than the median income for your state of residence and family size, in some cases, the United States trustee (or bankruptcy administrator), the trustee, or creditors have the right to file a motion requesting that the court dismiss your case under § 707(b) of the Code. It is up to the court to decide whether the case should be dismissed.

Under chapter 7, you may claim certain of your property as exempt under governing law. A trustee may have the right to take possession of and sell the remaining property that is not exempt and use the sale proceeds to pay your creditors.

The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge and, if it does, the purpose for which you filed the bankruptcy petition will be defeated.

Even if you receive a general discharge, some particular debts are not discharged under the law. Therefore, you may still be responsible for most taxes and student loans; debts incurred to pay nondischargeable taxes; domestic support and property settlement obligations; most fines, penalties, forfeitures, and criminal restitution obligations; certain debts which are not properly listed in your bankruptcy papers; and debts for death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs. Also, if a creditor can prove that a debt arose from fraud, breach of fiduciary duty, or theft, or from a willful and malicious injury, the bankruptcy court may determine that the debt is not discharged.

#### Chapter 13: Repayment of All or Part of the Debts of an Individual with Regular Income ($235 filing fee, $46 administrative fee: Total fee $281)

Chapter 13 is designed for individuals with regular income who would like to pay all or part of their debts in installments over

Form B 201A, Notice to Consumer Debtor(s) Page 2

a period of time. You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, using your future earnings. The period allowed by the court to repay your debts may be three years or five years, depending upon your income and other factors. The court must approve your plan before it can take effect.

After completing the payments under your plan, your debts are generally discharged except for domestic support obligations; most student loans; certain taxes; most criminal fines and restitution obligations; certain debts which are not properly listed in your bankruptcy papers; certain debts for acts that caused death or personal injury; and certain long term secured obligations.

### Chapter 11: Reorganization ($1000 filing fee, $46 administrative fee: Total fee $1046)

Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

### Chapter 12: Family Farmer or Fisherman ($200 filing fee, $46 administrative fee: Total fee $246)

Chapter 12 is designed to permit family farmers and fishermen to repay their debts over a period of time from future earnings and is similar to chapter 13. The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm or commercial fishing operation.

## 3. Bankruptcy Crimes and Availability of Bankruptcy Papers to Law Enforcement Officials

A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to a fine, imprisonment, or both. All information supplied by a debtor in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and employees of the Department of Justice.

**WARNING:** Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your creditors, assets, liabilities, income, expenses and general financial condition. Your bankruptcy case may be dismissed if this information is not filed with the court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court. The documents and the deadlines for filing them are listed on Form B200, which is posted at http://www.uscourts.gov/bkforms/bankruptcy_forms.html#procedure.

B 201B (Form 201B) (12/09)

# United States Bankruptcy Court
## Northern District of Illinois

In re   Lorraine Pedersen Chavez                             Case No.
                          Debtor(s)                          Chapter    13

## CERTIFICATION OF NOTICE TO CONSUMER DEBTOR(S)
## UNDER § 342(b) OF THE BANKRUPTCY CODE

**Certification of Debtor**

   I (We), the debtor(s), affirm that I (we) have received and read the attached notice, as required by § 342(b) of the Bankruptcy Code.

| Lorraine Pedersen Chavez | X /s/ Lorraine Pedersen Chavez    October 19, 2012 |
| Printed Name(s) of Debtor(s) | Signature of Debtor    Date |

| Case No. (if known) | X |
| | Signature of Joint Debtor (if any)    Date |

---

**Instructions:** Attach a copy of Form B 201 A, Notice to Consumer Debtor(s) Under § 342(b) of the Bankruptcy Code.

Use this form to certify that the debtor has received the notice required by 11 U.S.C. § 342(b) **only** if the certification has **NOT** been made on the Voluntary Petition, Official Form B1. Exhibit B on page 2 of Form B1 contains a certification by the debtor's attorney that the attorney has given the notice to the debtor. The Declarations made by debtors and bankruptcy petition preparers on page 3 of Form B1 also include this certification.

# United States Bankruptcy Court
## Northern District of Illinois

In re   Lorraine Pedersen Chavez                                                    Case No.

                                           Debtor(s)                                Chapter    13

## VERIFICATION OF CREDITOR MATRIX

                                                            Number of Creditors:                    20

The above-named Debtor(s) hereby verifies that the list of creditors is true and correct to the best of my (our) knowledge.

Date:  October 19, 2012                          /s/ Lorraine Pedersen Chavez
                                                 Lorraine Pedersen Chavez
                                                 Signature of Debtor

```
Bolon Law Offices
19 S. LaSalle Street
Suite 1500
Chicago, IL 60603


Candace Wayne
Wayne & Jemilo
134 N. LaSalle St, Suite 1200
Chicago, IL 60602-1019


Capital One FSB
11013 West Broad Street
Glen Allen, VA 23060


CBE Group
131 Tower Park Dr.   Suite 100
P.O. Box 900
Waterloo, IA 50704-0900


Certified Services Inc
1733 Washington St, Ste 2
Waukegan, IL 60085


City of Chicago - Water Dept
333 S State, Suite LL10
PO Box 6330
Chicago, IL 60604-3979


Codilis & Associates
15W030 N. Frontage Rd, Suite 100
Burr Ridge, IL 60527


Enhanced Recovery Co. LLC
615 S. Dupont Hwy
Dover, DE 19901


Federal Home Loan Mortgage Corp.
d/b/a Freddie Mac
8200 Jones Branch Drive
Mc Lean, VA 22102-3110


Illinois Collectrion Services
PO Box  1010
Tinley Park, IL 60477
```

```
Illinois Corporation Service C
agt Wells Fargo Home Mortgage Inc
801 Adlai Stevenson Drive
Springfield, IL 62703


Juan Mora-Torres
1619 W. 34th Place
Chicago, IL 60608


Maria Delgado
3241 S. Leavitt, Ground level
Chicago, IL 60608


Northwestern Memorial Hospital
251 E. Huron St.
Chicago, IL 60611


Northwestern Memorial Physicians Gr
75 Remittance Drive
#1293
Chicago, IL 60675-1293


U.S. Attorney, N. D. of Illinois
re: Department of Education
219 S. Dearborn, 5th Floor
Chicago, IL 60604


U.S. Department of Education
Arne Duncan, Sec'y of Education
400 Maryland Avenue, S.W.
Washington, DC 20202


University of Chicago
970 E. 58th Street, 3rd Floor
Chicago, IL 60637


Wells Fargo Bank N.A.
John G. Stumpf, Pres & CEO
420 Montgomery Street
San Francisco, CA 94104


Wells Fargo Home Mortgage, Inc
1 Home Campus
Des Moines, IA 50328
```